IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HÉCTOR SOLANO-MORETA

Plaintiff,

v.,

FIRST TRANSIT OF PR, ING.

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL NO. 12-1989 (ADC)

RE: CIVIL RIGHTS

PLAINTIFF DEMANDS
TRIAL BY JURY

RECEIVED AND FILED
2012 DEC -5 PM 2:48
CLERK'S OFFICE
U.S. DIST...

AMOUNT: 350.00
DEC - 5 2012
CASHIER'S SIGNATURE

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, *pro se*, and respectfully alleges, states and requests, as follows:

### I. NATURE OF ACTION

1.1 This is an action brought by the plaintiff **Héctor Solano-Moreta** ("**Solano**" or "Plaintiff"), pursuant to Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000c-(5)(f)(1) ("Title VII"), against his former employer, the defendant **First Transit of PR, Ing.** ("**First Transit**" or "Defendant"), seeking compensatory damages as result of discriminatory treatment, where Plaintiff was victim of retaliation for having filed a complaint of discrimination with the Anti-Discrimination Unit of the Equal Employment Opportunity Commission ("EEOC").

1.2 **Solano** also brings this complaint against **First Transit** for retaliation under the local counterpart of

Title VII, and for wrongful discharge under Commonwealth law.

## II. JURISDICTION AND VENUE

2.1 This Honorable Court has subject matter jurisdiction to allow this suit pursuant to 28 U.S.C. § 1331. This action is authorized pursuant to Title VII, 42 U.S.C. § 2000e-5.

2.2 This Honorable Court has personal jurisdiction over this civil action because the employment practices and other acts alleged to be unlawful were committed and the damages were suffered by Plaintiff within the jurisdiction of the United States District Court, District of Puerto Rico.

2.3 Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff demands a trial by jury in the instant case. Fed. R. Civ. P. 38b.

2.4 Pursuant to 42 U.S.C. § 1367(a), this Honorable Court has supplemental jurisdiction over the pendent claim raised herein by the Plaintiff, pursuant to Law No. 17 of April 22, 1988 (29 L.P.R.A. §§ 155 et.seq.) and Law No. 80 of May 30, 1976 (29 L.P.R.A. § 185a et.seq.), since they are so related to the aforestated federal claim that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.1 On June 22, 2011, Plaintiff filed timely charges of employment retaliation with the EEOC.

3.2 On September 5, 2012, the EEOC issued and mailed the notice of sue rights to Plaintiff, which he received three days later.

### IV. THE PARTIES

4.1 **Solano** is an adult male individual and a citizen of the United States of America, who resides in the Commonwealth of Puerto Rico.

4.2 At all times relevant herein, **Solano** was an employee, within the meaning of the applicable statutes.

4.3 At all times relevant herein, **Solano** was an employer, within the meaning of the applicable statutes, which at all times relevant herein had more than 100 employees.

4.4 At all times relevant herein, **Solano** was duly qualified to carry out the duties of his position; he performed her functions with a high degree of excellence, diligence and interest in his work; and, he expected to be treated equally, without being subjected to discrimination or to retaliation for having engaged in protected activities.

### V. FACTUAL ALLEGATIONS

5.1 On September 18, 2001, **First Transit** hired **Solano**, as a Bus Driver.

5.2 On February 4, 2011, **Solano** filed charges of discrimination by reason of national origin against **First Transit** with the EEOC.

5.3 On February 11, 2011, **First Transit** suspended **Solano** from employment without pay.

5.4 On February 18, 2011, **First Transit** notified **Solano** that he was terminated from his employment.

5.5 **First Transit** discharged **Solano** from his employment, without just cause, and in retaliation for having previously complained about national origin discrimination to the EEOC.

5.6 Defendant's unlawful discriminatory practices have caused Plaintiff to suffer the damages stated hereinafter.

## VI. CAUSES OF ACTION

**First Cause of Action:**

6.1 This Cause of Action arises under Title VII.

6.2 **First Transit** unlawfully took retaliatory actions against **Solano** because he engaged in protected activities.

6.3 As direct result of Defendant's unlawful employment practices, Plaintiff suffered, is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress.

6.4 Since **First Transit** engaged in the unlawful employment practice in question with malice or reckless indifference to the federally protected rights of **Solano**, he is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful employment practice.

6.5 Since Defendant discharged Plaintiff in violation of Title VII, he is entitled to be reinstated in her employment, pursuant to 42 U.S.C. §2000e5(k).

6.6 As direct of the unlawful discharge, Plaintiff has sustained a loss of earnings. Defendant is liable to Plaintiff for back and future pay.

6.7 Pursuant to Title VII, Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1920, Plaintiff is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE,** Plaintiff demands that Judgment be entered in his favor and against Defendant, commanding the latter to reinstate Plaintiff in his employment; granting him the amount of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00)** in compensatory damages; awarding him a reasonable amount for attorney's fees, the costs of this action and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**Second Cause of Action**

6.8 The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

6.9 This Cause of Action arises under local law.

6.10 **First Transit** took retaliatory actions against **Solano** because he engaged in protected activities.

6.11 As direct result of Defendant's unlawful employment practices, Plaintiff suffered, is suffering and will continue to suffer severe and permanent mental, psychological, moral and emotional pain, anguish and distress.

6.12 On the basis of the foregoing, Plaintiff is entitled to receive a full, just and fair compensation for the aforestated mental damages which, pursuant to local law, consists in the twofold amount of the actual damages suffered by her.

6.13 Since Defendant discharged Plaintiff in violation of local law, he is entitled to be reinstated in his employment.

6.14 As direct of the unlawful discharge, Plaintiff has sustained a loss of earnings. Defendant is liable to Plaintiff for back and future pay.

6.15 Pursuant to Rule 44 of the Puerto Rico Rules of Civil Procedure, Plaintiff is entitled to be awarded the

costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE,** Plaintiff demands that Judgment be entered in his favor and against Defendant, commanding the latter to reinstate Plaintiff in his employment; granting him the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and doubling such award for a total of **SIX HUNDRED THOUSAND DOLLARS ($600,000.00)**; awarding him a reasonable amount for attorney's fees, the costs of this action and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**Third Cause of Action**

6.16 The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

6.17 This Cause of Action arises under local law.

6.18 **First Transit** discharged **SOLANO** from his employment without just cause, in violation of 29 L.P.R.A. § 185b. Consequently, Plaintiff is entitled to receive from Defendant the salary and additional compensation provided by 29 L.P.R.A. §185a.

6.19 Pursuant to 29 L.P.R.A. § 185k and Rule 44 of the Puerto Rico Rules of Civil Procedure, Plaintiff is

entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

**THEREFORE**, Plaintiff demands that Judgment be entered in his favor and against Defendant granting him the salary and additional compensation provided by 29 L.P.R.A. §185a; awarding him a reasonable amount for attorney's fees, the costs of this action and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that Judgment be entered by this Honorable Court in favor of Plaintiff and against Defendant:

a. granting the Plaintiff all the sums requested in the complaint;

b. imposing upon the Defendant the payment of all costs and expenses to be incurred in this lawsuit;

c. granting the Plaintiff any other relief that he may be entitled to as a matter of law;

d. ordering Defendant to cease and desist from any further discrimination and retaliation against Plaintiff; and,

e. awarding the Plaintiff post-judgment interests, plus a reasonable amount for attorneys' fees.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 5th day of December, 2012.

*[signature]*
Héctor Solano-Moreta
Comunidad La Marina 713
Calle J, Gautier Benitez
San Juan, P.R., 00915