IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HÉCTOR SOLANO-MORETA,

    Plaintiff,

    v.

FIRST TRANSIT OF PR, INC.,

    Defendant.

Civil No. 12-1989 (BJM)

**OPINION AND ORDER**

Héctor Solano-Moreta ("Solano") sued First Transit of PR, Inc. ("First Transit"), alleging employment retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the same "under its local counterpart," and wrongful discharge under 29 L.P.R.A. § 185a *et seq.* ("Law No. 80"). Docket No. 1 ("Compl."). First Transit moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Docket No. 7. Solano opposed (Docket No. 13), First Transit replied (Docket No. 18), and Solano sur-replied (Docket No. 19). This case is before me on consent of the parties. Docket No. 28. For the reasons that follow, the motion to dismiss is **DENIED**.

**MOTION TO DISMISS STANDARD**

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In evaluating a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration marks omitted). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* Taken together, they must "state a plausible, not a merely conceivable, case for relief." *Id.* At

the same time, courts must not "forecast a plaintiff's likelihood of success on the merits." *Id.*

If a court considers materials outside the pleadings, it must give notice to the parties and convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). But where allegations "are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings," and may be considered without triggering conversion. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). Moreover, if the court disregards the supplied materials, notice and conversion is not required. *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir. 1992).

Here, both parties offered EEOC documents in support of their respective positions. However, the allegations of the complaint dispose of the arguments presented, and there is therefore no need to consider the additional documents.

## BACKGROUND

First Transit hired Solano on September 18, 2001 as a bus driver. Compl., ¶ 5.1. On February 4, 2011, Solano filed a national-origin discrimination claim against First Transit with the Equal Employment Opportunities Commission ("EEOC"). *Id.*, ¶ 5.2. A week later, First Transit suspended Solano without pay. *Id.*, ¶ 5.3. On February 18, 2011, after one week of suspension, First Transit fired Solano. *Id.*, ¶ 5.4. On June 22, 2011, Solano filed an employment retaliation claim against First Transit with the EEOC. *Id.*, ¶ 3.1. The EEOC issued Solano a right-to-sue notice on the retaliation claim on September 5, 2012. *Id.*, ¶ 3.2. Solano filed this suit *pro se* on December 5, 2012.[1]

---

[1] Solano has since retained counsel. *See* Docket No. 12.

Solano-Moreta v. First Transit of PR, Inc., Civil No. 12-1989 (BJM)  3

# DISCUSSION

First Transit argues that Solano's claims should be dismissed because (1) Solano's *discrimination* claim is time barred, (2) Solano's citation to Puerto Rico law is ambiguous, and (3) the Solano has failed to state a claim for national-origin discrimination.  Docket No. 7 at 7-9.  I address each contention in turn.

## I. Timeliness of the Suit

First Transit argues that the suit is time barred because Solano filed the national-origin discrimination claim with the EEOC on February 4, 2011, received the corresponding right-to-sue notice on January 18, 2012 and filed the suit after the allowable time for that claim.  Docket No. 7 at 7-8.  A plaintiff allegedly subjected to an unlawful employment practice must file an administrative claim within a specific period of time—180 days for claims brought directly to the EEOC, and 300 days for claims brought to a qualifying local anti-discrimination agency.  *See* 42 U.S.C. § 2000e-5(e); *Clockedile v. N.H. Dep't of Corrections*, 245 F.3d 1, 3 (1st Cir. 2001).  When the administrative process ends and a right-to-sue letter issues, plaintiffs then have ninety days to file suit.  42 U.S.C. § 2000e-5(f)(1); *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012).

Here, First Transit's argument assumes that Solano is suing for national-origin discrimination based on his February 4, 2011 EEOC discrimination claim.  *See* Docket No. 7 at 7-9.  But the complaint in this case plainly states that Solano is suing for "retaliation for having filed a complaint of discrimination."  Compl., ¶ 1.1.  In other words, Solano seeks to recover for First Transit's alleged retaliation for the February 4, 2011 claim, and not for that claim itself.  *See id.*, ¶¶ 1.2, 3.1, 5.5, 6.6, 6.10.  Because First Transit did not contend that the June 22, 2011 retaliation claim was untimely, or that this suit was untimely with respect to the September 5, 2012 right-to-sue letter, it is not entitled to dismissal on timeliness grounds.

Solano-Moreta v. First Transit of PR, Inc., Civil No. 12-1989 (BJM)                                                                                 4

## II.     Ambiguity of the Second Cause of Action

First Transit next argues that Solano's complaint is too ambiguous in identifying his second cause of action. Docket No. 7 at 8. Specifically, First Transit states that since Solano's second cause of action does not cite a specific statute for the "local counterpart of Title VII," it is unclear which claims Solano intends to raise under Puerto Rico law. *Id.* The purpose of the complaint is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Ocasio-Hernández*, 640 F.3d at 12 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But *pro se* complaints must be construed liberally, such that if the plaintiff "present[s] sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Here, Solano's *pro se* complaint incorrectly referred to the "local counterpart to Title VII" at one point, and to 29 L.P.R.A. § 155 et seq. at another, as the applicable law for the second cause of action. Compl., ¶¶ 1.2, 2.4. But Solano presented sufficient facts to plead an employment discrimination claim for sharing testimony under 29 L.P.R.A. §§ 194 *et seq*. Section 194a(a) states that "[n]o employer may discharge […] an employee […] should the employee offer […] testimony, expression or information before […] administrative or judicial forum in Puerto Rico, when such expressions are not of a defamatory character nor constitute disclosure of privileged information established by law." Section 194a(b) states that the aggrieved party may request "compensation for unearned salaries, benefits and attorney's fees for the real damages suffered, for mental anguish, and reinstatement in his/her job." The section also provides for double damages. 29 L.P.R.A. §§ 194a(b).

Solano's complaint alleges that First Transit discharged him in retaliation for filing an employment discrimination claim against them with the EEOC. Compl., ¶ 5.5. He also alleges mental anguish and requests just compensation for it. Compl., ¶¶ 6.11-6.12. He demands to be reinstated to his job, lost earnings, future pay, and reasonable

Solano-Moreta v. First Transit of PR, Inc., Civil No. 12-1989 (BJM)                                                5

attorney's fees and costs.  *Id.*, ¶¶ 6.13-6.15.  Solano also requests the doubling of the requested award.  *Id.* at 7.  Liberally construed, the facts alleged in Solano's *pro se* complaint provide sufficient facts for the court to intuit the correct cause of action under 194 *et seq.*, even if it cited the incorrect statute.  First Transit is therefore not entitled to dismiss this claim.

### III.  Failure to State a Claim for National-Origin Discrimination

First Transit argues that any national-original discrimination claims should be dismissed for failure to state a claim upon which relief may be granted.  Docket No. 7 at 9.  As outlined above, and as admitted by First Transit, Solano's suit is not seeking to recover for any national-origin discrimination.  Docket No 13 at 4, ¶ 12.  Solano presented two retaliation claims and a wrongful discharge claim, and did not include a separate national-origin discrimination claim.  *Id.*  First Transit concedes this point.  Docket No. 18, at 3.  First Transit does not allege that Solano failed to plead sufficient facts to establish a retaliation claim, and is therefore not entitled to dismissal on this ground.

### CONCLUSION

For the foregoing reasons, the First Transit's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 2nd day of July, 2013.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge